IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02557-WDM-CBS

THOMAS E. ROBAR, III,

    Plaintiff,

v.

WELLS FARGO BANK, a national association, and
COLLEEN RIDEOUT, an individual,

    Defendants.

## ORDER ON PENDING MOTIONS

Miller, J.

    This matter is before me on the motion to strike the amended complaint, or, alternatively to dismiss certain claims, filed by defendants Wells Fargo Bank (Wells Fargo) and Colleen Rideout (Rideout), as well as the motion to remand filed by plaintiff Thomas Robar (Robar). After review of the parties' written arguments, I have determined that oral argument is not required. Because I conclude the joinder of Rideout in the Amended Complaint was proper, I will deny the motion to strike and grant the motion to remand.

    The resolution of both motions turns on the propriety of the addition of claims against defendant Rideout in the Amended Complaint. Wells Fargo, the sole defendant named in the original complaint, removed this action to this Court based on diversity of citizenship. The addition of Rideout in the Amended Complaint destroys diversity if the joinder is proper. Accordingly, Wells Fargo moves to strike the

Amended Complaint, either in its entirety or as to the claims naming Rideout, to maintain jurisdiction, and Robar moves to remand the case to state court for lack of subject matter jurisdiction.

The governing analysis for determining the propriety of the joinder of Rideout is provided by 28 U.S.C. § 1447(e), which states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Under this statute, my decision to permit joinder of Rideout and to remand or to deny joinder and retain jurisdiction is discretionary. *Mayes v. Rapaport*, 198 F.3d 457, 462 (4th Cir. 1999). Further, my decision is not controlled by the analysis and factors set forth in Fed. R. Civ. P. 19. *Id.*

Although the Tenth Circuit has not spoken on this issue, other courts have established factors to be considered in exercising my discretion under section 1447(e). These factors, as applied by the Fourth and Fifth Circuits, include: (1) the extent to which the purpose of the amendment is to defeat federal diversity jurisdiction; (2) whether plaintiff has been dilatory in seeking the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. *Id.*; *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Other potential factors are whether the person sought to be joined is a necessary party under Rule 19, whether a statute of limitations would bar an action against the new defendant in state court, and the apparent validity of the claim. *See Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 579-580 (D. Ariz. 2003). In

making my decision, I should protect by careful scrutiny the diverse defendant's interest in keeping the action in federal court. *Mayes*, 198 F.3d at 463. I must also be cognizant of the danger of parallel lawsuits in federal and state court and the resulting drain on judicial resources. *Id.*

Wells Fargo and Rideout contend the joinder of Rideout is fraudulent because there are no *bona fide* claims against Rideout in the Amended Complaint and because there is no liability of Rideout exclusive of any liability of Wells Fargo. As the Fourth Circuit explained in *Mayes*, the doctrine of fraudulent joinder "does not directly apply after removal because the district court already possesses jurisdiction." 198 F.3d at 463. If the defendants can carry the burden of proving fraudulent joinder, however, that fact should be a factor in the court's decision to allow or deny joinder of a non-diverse defendant. *Id.*

The burden on defendants of proving fraudulent joinder is a heavy one: "The defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Id.* (quotation omitted). In other words, Wells Fargo and Rideout must establish there is no possibility that Robar would be able to state a cause of action against Rideout in state court. *Id.* at 463, 466 ("'there need be only a slight possibility of a right to relief' to defeat a claim of fraudulent joinder") (quotation omitted). *See also Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) ("the joinder of a resident defendant against whom no cause of action is stated is patent sham, . . . and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists")

(quotations omitted).  The lack of a valid cause of action "must be capable of summary determination and be proven with complete certainty"; the court should not "pre-try, as a matter of course, doubtful issues of fact to determine removability[.]"  *Id.*

Applying all of these factors to the facts presented by the record, I conclude that joinder of Rideout should be allowed and this case remanded to state court.

The first factor I consider is the extent to which the purpose of the amended complaint is to defeat federal jurisdiction.  "Especially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction."  *Mayes*, 198 F.3d at 463.  Robar was clearly aware of Rideout's existence and actions in preparing the original complaint but did not take action to assert claims against her until the case was removed to this court.  There was no intervening discovery, and Wells Fargo's answer raising potential defenses to its liability was not filed until weeks after Robar filed his amended complaint.  This factor weighs against permitting joinder of Rideout.

Robar was not dilatory in seeking the amendment, which was filed within days of the removal.  Further, it is possible that Robar will be significantly injured if the amendment is not allowed.  Viewing the facts and circumstances in a light most favorable to Robar, there is a possibility that Wells Fargo could establish that it is not liable to Robar for Rideout's conduct because she acted outside the scope of her employment and/or authority.  In such an event, Robar could not recover on his claims of false representation and negligent misrepresentation in Rideout's absence.  These

4

factors weigh in favor of permitting joinder.

The parties do not address whether Rideout is a necessary party under the factors set forth in Rule 19, nor do they inform me whether the applicable statutes of limitations would bar Robar from asserting the claims against Rideout in state court at this point in time. Based upon my reading of Rule 19 and the statutes of limitations for fraud and misrepresentation under Colorado law, C.R.S. § 13-80-101(c), I conclude these factors weigh, if at all, against joinder.[1]

With respect to consideration of the apparent validity of the claims against Rideout in the Amended Complaint, I note that Wells Fargo claims, as affirmative defenses in its Answer, that it did not falsely represent, or negligently misrepresent, any material facts or information to Robar. Although Wells Fargo is correct that these defenses had not been filed before Robar amended his complaint, I will not presume that Robar could not have anticipated these defenses as part of his decision to join Rideout. It is not my role at this stage of the litigation to prejudge the facts. Based upon the allegations in the Amended Complaint, and the inferences that could be drawn from them, I conclude Robar's claims against Rideout may well be valid.[2] This

---

[1] I note that Wells Fargo, in its answer, asserts as an affirmative defense that Robar's claims are barred by the statutes of limitations. If the general, two-year period for tort claims is applied, C.R.S. § 13-80-102(a), it is likely that any filing against Rideout now in state court would be time-barred.

[2] I acknowledge defendants' argument in the motion to strike or to dismiss that Robar has failed to plead the necessary elements of the causes of action for false representation and negligent misrepresentation. Although I agree the claims could have been more artfully pleaded, the proper remedy would be to allow Robar to amend his complaint.

factor weighs in favor of joinder.

Finally, with regard to the claim of fraudulent joinder, I conclude that defendants have not met their burden of proving, with complete certainty, that Robar cannot establish a claim against Robar if all facts and legal issues are resolved in his favor: there remains at least a slight possibility of a right to relief against Rideout.  *Mayes*, 198 F.3d at 463, 466.  This factor weighs in favor of joinder.

Although the issue presented is a close one, I conclude, as a matter of my discretion under section 1447(e), that joinder of Rideout should be permitted and that this case should be remanded.

Accordingly, it is ordered:

1. The motion to strike the amended complaint or to dismiss, filed January 13, 2006 (Docket No. 16), is denied.

2. The motion to remand, filed January 10, 2006 (Docket No. 11), is granted.

3. This case shall be remanded to the District Court for the City and County of Denver, Colorado.

DATED at Denver, Colorado, on August 16, 2006.

                                                    BY THE COURT:

                                                    s/ Walker D. Miller
                                                    United States District Judge